Ruth A. Shapiro, 9356
Erika M. Larsen, 16494
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone:  801-521-9000
ras@scmlaw.com
eml@scmlaw.com
*Attorneys for William Tyler Metcalf
and Channel Op, LLC*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| L.G. ENTERPRISES, LLC dba LG-OUTDOORS, WHOLESALE HUNTER, and OMEGA OUTFITTERS,<br><br>Plaintiff,<br><br>vs.<br><br>BOB GEIGER, individually and as an agent of AQUAMIRA TECHNOLOGIES, INC., AQUAMIRA TECHNOLOGIES, INC., WILLIAM TYLER METCALF, individually and as an agent of CHANNEL OP, LLC., CHANNEL OP, LLC and DOES 1-10,<br><br>Defendants. | **PETITION FOR REMOVAL**<br><br><br>Case No. 1:19-cv-00037-PMW<br><br>Judge Paul M. Warner |

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants William Tyler Metcalf and Channel Op, LLC (hereinafter collectively "Channel Op Defendants"), hereby petition for removal of this action from the First Judicial District Court of Cache County, Utah, to the United States District Court for the District of Utah.  In support thereof, Defendants state the following as grounds for removal of this action:

## I.     INTRODUCTION

1. This lawsuit arises out of Plaintiff's and Defendants' online business operations. Plaintiff asserts causes of action for Intentional Interference with Economic Relations, Defamation, Injurious Falsehood, Injunctive Relief, and Declaratory Relief.

## II.     STATE COURT CIVIL ACTION NO. 190100058

2. On February 19, 2019, Plaintiff filed a Complaint in the First Judicial District Court in and for Cache County, Utah styled L.G. Enterprises, LLC d/b/a LG-Outdoors, Wholesale Hunter, and Omega Outfitters v. Bob Geiger, et al., Civil Action No. 190100058 (hereinafter the "State Court Action"). A copy of the Summons and Complaint was served on Channel Op Defendants through previous counsel on March 27, 2019.

3. Plaintiff asserts the following causes of action against Defendants: (1) intentional interference with economic relations (2) defamation; (3) injurious falsehood; (4) injunctive relief; and (5) declaratory relief. *Complaint*, pp. 7–12. Plaintiff seeks relief in the form of: (1) temporary, preliminary and permanent injunctions; (2) declaratory orders; (3) actual, statutory, and punitive damages; (4) attorneys' fees and costs; and (5) any other relief the Court deems just and equitable. *Id.* at pp. 2–5.

## III.     PROCEDURAL REQUIREMENTS

4. This Petition and Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Defendants' receipt of the Summons and Complaint.

5. This action is properly removed to this Court because the State Court Action is pending within this district. 28 U.S.C. § 1441.

6. The United States District Court for the District of Utah has diversity jurisdiction over this action. 28 U.S.C. § 1332(a).

7. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" is a true and correct copy of the entire file of record with the Court in the State Court Action.

8. Simultaneously with the filing of this Petition and Notice of Removal, Defendants are filing a copy of the Petition and Notice of Removal in the First Judicial District Court in and for Cache County, Utah, pursuant to 28 U.S.C. § 1446(d).

9. Defendants Aquamira Technologies, Inc. and Bob Geiger consent to this removal to the United States District for the District of Utah.

## IV. THIS COURT HAS DIVERSITY JURISDICTION

10. When there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. 28 U.S.C. §§ 1332(a) and 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as any of the defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The amount in controversy also exceeds the minimum jurisdictional amount, exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, the United States District Court for the District of Utah has diversity jurisdiction over this action.

**a. There is complete diversity of citizenship between the parties.**

11. Plaintiff is an Alabama limited liability company with its principal place of business in Elmore County, Alabama. *Complaint* at ¶ 1. A corporation is deemed a citizen of the state in which it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

12. Upon information and belief, Defendant Aquamira Technologies. LLC ("Aquamira") is a Washington corporation with its principal place of business in Logan, Utah. *Complaint* at ¶ 2. Thus, Aquamira is a citizen of Washington and Utah.

13. Upon information and belief, Defendant Bob Geiger is domiciled in Ogden, Utah and is, therefore, a citizen of Utah. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (stating an individual is a citizen of the State in which they are domiciled).

14. Defendant Channel Op, LLC ("Channel Op") is a Utah corporation with its principal place of business in Summit County, Utah and is a citizen of Utah.

15. William Tyler Metcalf is domiciled in Summit County, Utah, and is a citizen of Utah.

16. Because Plaintiff is not a citizen of Washington or Utah, complete diversity exists in this matter. 28 U.S.C. § 1332(a).

### b. The amount in controversy exceeds the minimum requirement.

17. Where the complaint fails to specify the amount of the plaintiff's alleged damages, "courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *see also* 28 U.S.C. § 1446(c)(2)(B). The preponderance of the evidence standard "applies to jurisdictional facts, not jurisdiction itself. . . '[j]urisdiction itself is a legal conclusion, a consequence of the facts rather than a provable 'fact.'" *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (quoting *Meridian Sec. Inc. Co. v. Sadowski*, 441 F.3d 536, 640–43 (7th Cir. 2006)).

18.     The Tenth Circuit has explained three methods for defendants to satisfy the amount in controversy requirement where, as here, the complaint is silent on the issue. "[T]he defendant may rely on an estimate of the potential damages from the allegations in the complaint. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *McPhail*, 529 F.3d at 955 (noting the Fifth Circuit's decision upholding removal based on a complaint seeking recovery for property damages, travel expenses, ambulance trip costs, hospital stay, pain and suffering, and humiliation). Second, "a plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *McPhail*, 529 F.3d at 956 (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Although any settlement offers would not be permissible at trial to establish liability, the Tenth Circuit has stated that "documents that demonstrate plaintiff's own estimation of its claims are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amounts of liability." *McPhail*, 529 F.3d at 955–56. Finally, if a plaintiff seeks injunctive relief, the amount in controversy is measured by the value of the object of the litigation considering either the value to the plaintiff or the cost to the defendant. *Lovell v. State Farm Mutual Auto. Inc. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

19.     Plaintiff's Complaint contains a combination of facts and theories of recovery that support claims in excess of the $75,000 jurisdictional amount. Specifically, Plaintiff asserts five causes of action for (1) intentional interference with economic relations (2) defamation; (3) injurious falsehood; (4) injunctive relief; and (5) declaratory relief. *Complaint*, pp. 7–12.

Additionally, Plaintiff seeks to recover five different categories of relief, monetary and injunctive, including punitive damages. *Id.* at pp. 2–5. As Plaintiff has presented a combination of facts and theories of recovery, it is clear the Complaint supports claims in excess of $75,000 and should be removed to federal court. *See McPhail*, 529 F.3d at 955.

20. Additionally, Plaintiff seeks injunctive relief related to its intentional interference with economic relations, defamation, and injurious falsehood actions, in which Plaintiff alleges it does "$6 Million in business each year" through reselling products on Amazon. *Complaint* at ¶ 31. These allegations support the notion that the value of injunctive relief far exceeds the $75,000 threshold.

## V. CONCLUSION.

WHEREFORE, Defendants petition for removal of the State Court Action from the First Judicial District Court in and for Cache County, Utah to the United States District Court for the District of Utah, so that this Court may assume jurisdiction over the case as provided by law.

DATED this 17th day of April, 2019.

SNOW CHRISTENSEN & MARTINEAU

 */s/ Ruth A. Shapiro*
Ruth A. Shapiro
Erika M. Larsen
*Attorneys for William Tyler Metcalf
and Channel Op, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of April, 2019, a true and correct copy of the foregoing **PETITION FOR REMOVAL** was electronically filed with the court which served the document in its entirety to:

| | |
|---|---|
| Nathan D. Thomas<br>Timothy B. Smith<br>Elizabeth Butler<br>JONES WALDO HOLBROOK & MCDONOUGH<br>170 South Main Street, Suite 1500<br>Salt Lake City, UT 84101<br>801-521-3200<br>nthomas@joneswaldo.com<br>tsmith@joneswaldo.com<br>cbutler@joneswaldo.com<br>*Attorneys for Plaintiff* | ( ) Via Facsimile<br>( ) Via Electronic Mail<br>( ) Via Hand Delivery<br>( ) Via First Class Mail, Postage Prepaid<br>( ) Via Federal Express<br>(x) Via the Court's Electronic Filing System |
| Aaron W. Owens<br>HENDRICKS & OWENS<br>3610 North University Ave., Suite 275<br>Provo, UT 84604<br>aaronowens@gmail.com<br>*Attorney for Bob Geiger &*<br>*Aquamira Technologies, Inc.* | ( ) Via Facsimile<br>( ) Via Electronic Mail<br>( ) Via Hand Delivery<br>( ) Via First Class Mail, Postage Prepaid<br>( ) Via Federal Express<br>(x) Via the Court's Electronic Filing System |
| Andrew B. Kleiner<br>WOOD SMITH HENNING & BERMAN, LLP<br>2525 E. Camelback Road, Suite 450<br>Phoenix, AZ 85016-4210<br>602-441-1300<br>akleiner@wshblaw.com<br>*Attorney for Bob Geiger &*<br>*Aquamira Technologies, Inc.* | ( ) Via Facsimile<br>( ) Via Electronic Mail<br>( ) Via Hand Delivery<br>( ) Via First Class Mail, Postage Prepaid<br>( ) Via Federal Express<br>(x) Via the Court's Electronic Filing System |

                                                                             /s/*Deidra Sandoval*